UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **STEPHEN HUZAR,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**HARDEE TEXSTAR HOMES, INC. D/B/A CENTURY 21 HARDEE-TEAM REALTY,** a Texas corporation,<br><br>*Defendant*. | Case No.<br>4:18-cv-1549<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Stephen Huzar ("Huzar" or "Plaintiff") brings this Class Action Complaint and Demand for Jury Trial ("Complaint") against Defendant Hardee Texstar Homes, Inc. d/b/a Century 21 Hardee-Team Realty ("Hardee" or "Defendant") to stop Hardee from directing its agents to violate the Telephone Consumer Protection Act by making unsolicited, autodialed calls to consumers *without their consent*, including calls to consumers registered on the National Do Not Call registry, and to otherwise obtain injunctive and monetary relief for all persons injured by Hardee's conduct. Plaintiff, for his Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

### INTRODUCTION

1. Hardee is a Century 21 franchised real estate brokerage with 5 offices in the Houston, Texas area. Hardee dubs itself "The most aggressive & friendly real estate office anywhere!"[1]

---

[1] https://www.century21.com/real-estate-office/profile/century-21-hardee-team-realty-10008241

1

2. Consistent with its aggressive approach, Hardee's owner, Chris Hardee Jr., directs Hardee's agents to purchase lists of real estate listing leads generated by third parties and to cold call them repeatedly using a web-hosted automatic telephone dialing system – starting at 7:30 in the morning – notwithstanding a lack of consent from the call recipients, including many registered on the National Do Not Call Registry and/or that have otherwise expressly demanded that Hardee's agents stop calling them.

3. In Plaintiff's case, on March 14 and 15, 2018, Hardee's agents used an autodialer to make no fewer than 3 unsolicited calls by or on behalf of Hardee to Plaintiff's cellular phone number registered on the National Do Not Call Registry ("DNC"), including at least one such call after Plaintiff demanded that Hardee's agents stop calling.

4. In response to these calls, Plaintiff files this lawsuit seeking injunctive relief, requiring Defendant to cease directing its agents to violate the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") by placing unsolicited calls to consumers' cellular telephone numbers using an automatic telephone dialing system and otherwise calling telephone numbers registered on the DNC, as well as an award of statutory damages to the members of the Classes and costs.

## PARTIES

5. Plaintiff Stephen Huzar is a Houston, Texas resident.

6. Defendant Hardee is a Texas corporation headquartered in Tomball, Texas. Defendant conducts business throughout this District and the United States.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the TCPA, which is a federal statute for which there is federal question jurisdiction.

8. This Court has personal jurisdiction over Defendant and venue is proper in this district because Defendant resides in this District and because the wrongful conduct giving rise to this case occurred in, was directed from, and/or emanated from this District.

## COMMON ALLEGATIONS

### Hardee Directs Agents to Market Its Services by Obtaining Lists of Leads and Repeatedly Autodialing Them Without Consent

9. Hardee's marketing plan directs agents to market its realty services through unsolicited, autodialed calls to cellular phone numbers and other telephone numbers registered on the DNC, with the call recipients' consent. This is because Chris Hardee Jr., owner of Defendant Hardee, believes that "agents who cold call give the best service, [and] sell the most homes."[2]

10. Which is why Hardee Jr. teaches his agents what he calls the "Mojo system," named after the Mojo Dialer, a web-based based autodialer that provides "Automated multi-line power dialing up to 300 calls per hour."[3]

11. As Hardee Jr. explains, the Mojo system works like this for Hardee agents:

> People in my office do it this way. … So, let's say it's the start of the day, it's 7:30 in the morning, and you're getting on the Mojo [dialer], you've already uploaded your [list of telephone] numbers into Mojo and now you are beginning to call that list. …
>
> [W]hen we upload leads we usually get maybe about two to four numbers per property that we are calling, and a lot of these numbers of course are not the right person whatsoever, so when you're calling through that first time you're really taking off a lot of people off that list that shouldn't even be on there and it's going to make it way better the next two or three times you go through that list. …
>
> The people that you're talking to [the first time dealing through the list of leads] that are very quick with you, that are … not letting you really get into your script … they're pretty much hanging up, the people that you are on the phone with for

---

[2] https://esfilms.net/v-my-gary-vaynerchuk-inspired-real-estate-career-inman-connect-2016-speech-qt3tXUJpWS0.html

[3] http://www.mojosells.com

3

pretty much less than 15 seconds, … ]those are going to be people that we really need to make sure we reach out to a second and third time. We have to remember, they don't remember that you called them ….

Immediately after calling that first time around, you're digging into [the list of leads] a second time … it gives you a second opportunity to talk to th[em] ….

Now, the third time that you call this list, it needs to be the same day. … [L]et's say 7:30 you hit this … list, you're on it for however long you need to be on it for until it's over, you're immediately going into it a second time, [then] you gotta stop and you gotta take a break. … We need to hit [the leads] at a different time … between 4 and 6 in the afternoon ….

When it comes to calling these people a fourth time ….[7]

12. Not surprisingly, given Hardee's agents' aggressive tactics, there are many consumer complaints about incessant autodialed, unsolicited calls from Hardee agents, including from telephone numbers 330-329-1012 and 281-627-8517, the phone numbers used to call Plaintiff:

- "Harassing and desperate realtor."[12]

- "Unsolicited call [-] real estate agent."[14]

- "Unsolicited call."[15]

- "[R]ealtor calling about selling my house at 7am!"[16]

- "[S]tarted receiving telephone calls at 7AM about real estate. calls repeated over 10 time by 7:30AM after being told over and over not to call me again."[17]

- "Century 21 – have told them REPEATEDLY that not interested in selling. They call back every month or two. They upset my 89 year old mother every time they call. I have told them to stop calling – they don't listen. My number IS on the Do Not Call listing."[19]

---

[7] *How to get the most out of expired and terminated leads!*, Chris Hardee Jr, YouTube, https://www.youtube.com/watch?v=xpx7a9waqgE.
[12] https://whocallsme.com/Phone-Number.aspx/3303291012
[14] https://whocallsme.com/Phone-Number.aspx/3303291012
[15] https://whocallsme.com/Phone-Number.aspx/2816278517
[16] *id*
[17] *id*

13. By placing the unsolicited telephone calls at issue in this Complaint, Defendant caused Plaintiff and the other members of the Classes actual harm and cognizable legal injury.

14. This includes the aggravation and nuisance and invasions of privacy that result from the unsolicited autodialed telephone calls that are being made to cellular phones, and a loss of the use and enjoyment of their phones, including wear and tear to the related data, memory, software, hardware, and battery components, among other harms.

15. In response to Defendant's unlawful conduct, Plaintiff files this action seeking an injunction requiring Defendant to cease all unwanted autodialed call activities and an award of statutory damages to the members of the Classes under the TCPA.

## PLAINTIFF'S ALLEGATIONS

### At Hardee's Direction, Hardee Agents Repeatedly Called Plaintiff's Cell Phone Number Without Plaintiff's Consent, Despite it Being Listed on the DNC, and Despite Plaintiff's Demand that the Calls Stop

16. Plaintiff Huzar registered his cellular number on the National Do Not Call Registry on June 4, 2005 in order to avoid receiving unsolicited telemarketing calls.

17. Despite having his cell phone number registered on the DNC at the time, Plaintiff received no fewer than 3 unsolicited autodialed call from Century 21 Hardee-Team Realty, on March 14, 2018 at 8:04 AM from phone number 330-329-1012, on March 14, 2018 at 8:18 AM from phone number 281-627-8517, and on March 15, 2018 at 8:21 AM from phone number 832-691-8600.

18. A number of the calls began with dead air before the agent on the line spoke, which is indicative of the use of an autodialer.

19. During the call on March 14, 2018 at 8:18 AM, Plaintiff was told by the Hardee agent that the call was regarding Plaintiff's uncle's property, a property Plaintiff does not own or otherwise have any interest in. Plaintiff requested during this call that Hardee stop calling him.

5

20.     Despite his request for the calls to stop, Plaintiff received another unsolicited, autodialed call the next day, during which the Hardee agent refused to identify how she obtained Plaintiff's cell phone number.

21.     Notably, until March 13, 2018, Plaintiff's uncle's property was listed for sale by Stromatt and Associates, Inc.[21] The listing contained the contact information for the agent that was representing the property, Dave Stromatt, but did not contain Plaintiff's uncle's phone number, much less Plaintiff's phone number:



22.     Plaintiff has never provided his phone number to Defendant or any other party from which Defendant's agents may have purchased leads for real estate listings. Simply put, Huzar has never provided his prior express written consent to Defendant to place solicitation telephone calls to him.

23.     The unauthorized telephone calls made by Hardee's agents at Hardee's direction, as alleged herein, have harmed Plaintiff in the form of annoyance, nuisance, and invasion of privacy, and disturbed his use and enjoyment of his phone, in addition to the wear and tear on the

---

[21] https://www.har.com/stromatt--and--associates-inc/broker_STRO01

6

phone's hardware (including the phone's battery) and the consumption of memory on the phones.

24. Seeking redress for these injuries, Plaintiff, on behalf of himself and Classes of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited autodialed voice calls to cellular telephones and unsolicited calls to telephone numbers registered on the DNC.

## CLASS ALLEGATIONS

### Class Treatment Is Appropriate for Plaintiff's TCPA Claims Arising From Calls Made by Hardee Agents at Hardee's Direction

25. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and all others similarly situated and seeks certification of the following two Classes:

> **Autodialed No Consent Class:** All persons in the United States from four years prior to the filing of this action through the present who (1) Defendant (or an agent acting on behalf of Defendant) called, (2) on the person's cellular telephone, (3) using an autodialer, and (4) for whom Defendant claims (a) they obtained prior express written consent in the same manner as Defendant claims they supposedly obtained prior express written consent to call the Plaintiff, or (b) they did not obtain prior express written consent.
>
> **Autodialed Stop Class**: All persons in the United States who from a date four years prior to the filing of the initial complaint to the present: (1) Defendant (or an agent acting on behalf of Defendant) called, (2) on the person's cellular telephone, (3) using an automated telephone dialing system, (4) after the person informed Defendant that s/he no longer wished to receive phone calls from Defendant.
>
> **Do Not Call Registry Class**: All persons in the United States who (1) Defendant (or an agent acting on behalf of Defendant) called more than one time on his/her cellular telephone; (2) within any 12-month period (3) where the cellular telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of selling Defendant's products and services; and (5) for whom Defendant claims (a) they obtained prior express written consent in the same manner as Defendant claims they supposedly obtained prior express written consent

7

to call the Plaintiff, or (b) they did not obtain prior express written consent.

26. The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the Class definitions following appropriate discovery.

27. **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Classes such that joinder of all members is impracticable.

28. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

    (a) whether Defendant's conduct constitutes a violation of the TCPA;

    (b) whether Defendant utilized an automatic telephone dialing system to make their calls to Plaintiff and the members of the Classes;

    (c) whether Defendant systematically made multiple telephone calls to Plaintiff and consumers whose telephone numbers were registered with the National Do Not Call Registry and whether calls were made to such persons after they requested to no longer be called;

    (d) whether Defendant made autodialed telephone calls to Plaintiff and members of the Classes without first obtaining prior express written consent to make the calls; and

(e) whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

29. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to the Classes.

30. **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Classes and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes as wholes, not on facts or law applicable only to Plaintiffs. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

# FIRST CAUSE OF ACTION

## Telephone Consumer Protection Act
## (Violation of 47 U.S.C. § 227)
## (On Behalf of Plaintiff and the Autodialed No Consent Class)

31. Plaintiff repeats and realleges paragraphs 1 through 30 of this Complaint and incorporates them by reference herein.

32. Defendant and/or its agents agent transmitted unwanted solicitation telephone calls to cellular telephone numbers belonging to Plaintiff and the other members of the Autodialed No Consent Class using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and/or receive and store lists of phone numbers, and to dial such numbers, *en masse,* without human intervention.

33. At no time did Defendant obtain prior consent from the Plaintiff orally or in writing to receive solicitation telephone calls. Also, at no time did Defendant obtain prior express written consent that contained a disclosure informing Plaintiff or any other consumer that agreeing to receive solicitation telephone calls was not a condition of the purchase of any property or service.

34. Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff and the other members of the Autodialed No Consent Class are each entitled to, under 47 U.S.C. § 227(b)(3)(B), a minimum of $500.00 in damages for each violation of such act.

35. In the event that the Court determines that Defendant's conduct was wilful and knowing, it may, under 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Autodialed No Consent Class.

**SECOND CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the Autodialed Stop Class)**

36. Plaintiff repeats and realleges paragraphs 1 through 30 of this Complaint and incorporates them by reference herein.

37. Defendant placed unsolicited and unwanted autodialed phone calls to Plaintiff and the other members of the Autodialed Stop Class on their cellular telephones after they had informed Defendant to stop calling them.

38. Defendant placed the unwanted phone calls using equipment that had the capacity to store or produce telephone numbers to be called and/or texted using a random or sequential number generator, and/or receive and store lists of phone numbers, and to dial such numbers, *en masse*.

39. By unwanted autodialed phone calls to Plaintiff and other members of the Autodialed Stop Class's cellular telephones using an automated telephone dialing system after they requested to no longer receive such calls, Defendant violated 47 U.S.C. § 227(b)(1)(B) by doing so without prior express written consent.

40. As a result of Defendant's unlawful conduct, Plaintiff and the members of the Autodialed Stop Class suffered actual damages in the form of monies paid to receive the unsolicited telephone calls on their cellular phones and, under Section 227(b)(3)(B), are each entitled to, inter alia, a minimum of $500 in damages for each such violation of the TCPA.

41. Should the Court determine that Defendant's conduct was willful and knowing, the Court may, pursuant to Section 227(b)(3), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Autodialed Stop Class.

**THIRD CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Huzar and the Do Not Call Registry Class)**

42.     Plaintiff repeats and realleges paragraphs 1 through 30 of this Complaint and incorporates them by reference herein.

43.     47 U.S.C. § 227(c) provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.

44.     The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

45.     47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the FCC's July 3, 2003 Report and Order, which in turn, provides as follows:

> The Commission's rules provide that companies making telephone solicitations to residential telephone subscribers must comply with time of day restrictions and must institute procedures for maintaining do-not-call lists. For the reasons described above, we conclude that these rules apply to calls made to wireless telephone numbers. We believe that wireless subscribers should be afforded the same protections as wireline subscribers.[22]

---

[22] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003) Available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

46. 47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

47. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to wireless telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government. These consumers requested to not receive calls from Defendant, as set forth in 47 C.F.R. § 64.1200(d)(3).

48. Defendant also violated 47 C.F.R. § 64.1200(d) by failing to have a written policy of dealing with do not call requests, by failing to inform or train its personnel engaged in telemarketing regarding the existence and/or use of any do not call list, and by failing to internally record and honor do not call requests.

49. Defendant made more than one unsolicited telephone call to Plaintiff and other members of the Do Not Call Registry Class within a 12-month period without their prior express consent to receive such calls. Plaintiff and other members of the Do Not Call Registry Class never provided any form of consent to receive telephone calls from Defendant and do not have a current record of consent to place telemarketing calls to his registered phone numbers.

50. Defendant violated 47 C.F.R. § 64.1200(d) by initiating calls for telemarketing purposes to residential and wireless telephone subscribers, such as Plaintiff and the Do Not Call Registry Class, without instituting procedures that comply with the regulatory minimum

standards for maintaining a list of persons who request not to receive telemarketing calls from them.

51.     Defendant violated 47 U.S.C. § 227(c)(5) Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, *inter alia*, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

52.     To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

53.     An order certifying this case as a class action on behalf of the Classes as defined above, appointing Plaintiff as the representative of the Classes, and appointing his attorneys as Class Counsel;

54.     An award of actual and statutory damages to be paid into a common fund for the benefit of Plaintiff and the Classes;

55.     An order declaring that Defendant's actions, as set out above, violate the TCPA;

56.     A declaratory judgment that Defendant's telephone calling equipment constitutes an automatic telephone dialing system under the TCPA;

57.     An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Classes;

58. An injunction prohibiting Defendant from using, or contracting the use of, an automatic telephone dialing system without obtaining, and maintaining records of, call recipient's prior express written consent to receive calls made with such equipment; and

59. Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff requests a jury trial of all claims.

                                    Respectfully Submitted,

                                    **STEPHEN HUZAR**, individually and on behalf of Classes of similarly situated individuals

Dated: May 14, 2018           By: <u>/s/ Jason Johnson</u>
                                             One of Plaintiff's Attorneys

                                    Jason Johnson (Federal Bar No. 2561082, TX Bar No. 24065502)
Terrel Law Group
Jjohnson@terrellawgroup.com
8303 Southwest Freeway #450
Houston, TX 77074
Telephone: 346-718-8286

Avi R. Kaufman*
kaufman@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

Stefan Coleman*
law@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN, P.A.
1072 Madison Ave. #1
Lakewood, NJ 08701
Telephone: (877) 333-9427
Facsimile: (888) 498-8946

*Attorneys for Plaintiff and the putative Classes*

*Pro Hac Vice motion to be filed.